Case 2:25-cr-00060-SB   Document 1   Filed 01/28/25   Page 1 of 5   Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT
1/28/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: MMC DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:25-CR-00060-SB |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Receipt of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |
| ALEXANDER GUERRERO, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about June 16, 2022, in Los Angeles County, within the Central District of California, defendant ALEXANDER GUERRERO knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, the internet, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant GUERRERO knowingly received consisted of a video file titled "1641883018217187.mp4."

COUNT TWO

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about December 21, 2023, in Los Angeles County, within the Central District of California, defendant ALEXANDER GUERRERO knowingly possessed an Apple iPhone 15, bearing serial number CM76KXFGWG (the "iPhone"), which contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not obtained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant GUERRERO possessed on the iPhone consisted of the following videos:

1. IMG_2651.MP4;
2. IMG_2654.MP4;
3. IMG_2620.MP4; and
4. IMG_2049.MP4.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of defendant's conviction of the offenses set forth in any of Counts One through Two of this Indictment.

2. Defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances D. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

SOPHIA A. CARRILLO
Assistant United States Attorney
General Crimes Section